CRAIG v. FAULKNER

[149 N.C. App. 968 (2002)]

---

TERRY DEAN CRAIG, PETITIONER v. JANICE FAULKNER, COMMISSIONER OF THE NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT

No. COA01-539

(Filed 7 May 2002)

**Motor Vehicles— administrative remedy—jurisdiction—restriction on commercial driver's license**

The trial court erred by granting defendant Division of Motor Vehicles's (DMV) motion to dismiss based on lack of subject matter jurisdiction in an action contesting the placement of restrictions on petitioner's commercial driver's license, because the fact that the DMV as a matter of policy allows individuals with restrictions on their licenses to request a hearing before the Medical Review Board does not constitute an effective administrative remedy sufficient to preclude jurisdiction in superior court.

Appeal by petitioner from judgment entered 26 February 2001 by Judge Timothy S. Kincaid in Caldwell County Superior Court. Heard in the Court of Appeals 14 February 2002.

*Attorney General Roy Cooper, by Associate Attorney General Kimberly P. Hunt, for respondent-appellee.*

*Wilson, Palmer, Lackey & Rohr, P.A., by Timothy J. Rohr, for petitioner-appellant.*

HUDSON, Judge.

Terry Dean Craig ("petitioner") appeals an order granting the motion to dismiss filed on behalf of the Division of Motor Vehicles (the "DMV"). For the reasons given below, we reverse and remand.

Petitioner asserts, and the DMV does not dispute, that he has held a commercial driver's license "since the inception of Commercial Driver's Licenses." By letter dated 26 May 2000, an official with the Medical Review Branch of the Driver License Section of the DMV informed petitioner as follows:

> We have received a favorable recommendation from our Medical Adviser regarding your health as it pertains to your driving status.

> You must visit any Driver License Office to make application for a driver's license or learner's permit. The following restriction(s) will be necessary: CLASSIFIED C ONLY. If you currently have a valid driver's license, failure to comply within 15 days from the date of this letter will result in the cancellation of your driving privilege, G.S. 20-29.1.

> You must be reexamined and/or submit a current medical report for evaluation on or after 05-26-2001. We will advise you concerning this requirement at a later date.

It appears that this letter was issued pursuant to N.C. Gen. Stat. § 20-7(e) (1999) and N.C. Gen. Stat. § 20-9(e) (1999). Section 20-7(e) provides that "[t]he [DMV] may impose any restriction it finds advisable on a drivers license." Section 20-9(e) provides that

> [t]he [DMV] shall not issue a driver's license to any person when in the opinion of the [DMV] such person is afflicted with or suffering from such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, nor shall a license be issued to any person who is unable to understand highway warnings or direction signs.

Counsel for the DMV explained to the superior court at the hearing on its motion to dismiss that petitioner had been committed to "Broughton or some—several other hospitals in the mid-1990s," and "[a]s a result of that commitment, he was put in the Medical Review

Program and has since—since had assessments, the last assessment having occurred in the year 2000."

On 13 June 2000, petitioner filed the instant action in the Caldwell County Superior Court alleging, *inter alia*, that the DMV revoked his commercial driver's license without due process of law. On 10 July 2000, the DMV filed a motion to dismiss on the ground that the court does not have subject matter jurisdiction over the matter because petitioner failed to exhaust his administrative remedies. The superior court granted the motion to dismiss. Petitioner appeals.

"As a general rule, where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). "An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies." *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999). The exhaustion requirement stems from the Administrative Procedure Act (the "APA"), which provides:

> Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute . . . .

N.C. Gen. Stat. § 150B-43 (1999).

The DMV argued before the superior court that a hearing before a medical review board was petitioner's exclusive remedy. The DMV relied on N.C. Gen. Stat. § 20-9(g)(4) (1999), which provides that "[w]henever a license is denied by the Commissioner, such denial may be reviewed by a reviewing board upon written request of the applicant filed with the [DMV] within 10 days after receipt of such denial." That statute further provides that "[a]ctions of the reviewing board are subject to judicial review as provided under Chapter 150B of the General Statutes." N.C.G.S. § 20-9(g)(4)(f). Thus, the DMV argued, petitioner could not file a petition in the superior court without first pursuing his right to a hearing before the medical review board. Because petitioner failed to request such a hearing, the DMV contended that he failed to exhaust his administrative remedies, and, as a result, the court did not have subject matter jurisdiction over his petition.

CRAIG v. FAULKNER

[149 N.C. App. 968 (2002)]

On appeal, the DMV argues in the alternative that petitioner was not entitled to a hearing because his license was not actually revoked, but merely restricted. The DMV asserts that N.C.G.S. § 20-9(g)(4) provides for a hearing only in case a license is revoked. The DMV observes, however, that "as a matter of policy," the DMV allows one whose license is restricted to request a hearing. Thus, the DMV now argues that petitioner was afforded more process than is required by law.

We agree with the DMV that N.C.G.S. § 20-9(g)(4), by its express language, applies only to the case where a license has been denied. Thus, the legislature has not "provided by statute an effective administrative remedy," *Presnell*, 298 N.C. at 721, 260 S.E.2d at 615, to one who, like petitioner, retains his license with restrictions.

In fact, N.C. Gen Stat. § 150B-23(f) (1999) provides that in cases covered by the APA, the agency must provide detailed notice of the right to a hearing. The DMV did not provide petitioner with the requisite notice, which must inform a party in writing of his right to file a contested case petition, of the procedure involved, and of the time limit for filing his petition. *See id.* The fact that the DMV here saw no need to provide such notice, which has been required by statute since 1988, *see* Act of July 12, 1988, ch. 1111, secs. 5, 26, 1988 Sess. Laws 897, 899, 904, indicates that it did not believe the right to an administrative hearing applied in these circumstances. The DMV essentially concedes this on appeal, when it argues that it allows such a hearing "as a matter of policy." However, in order to be exclusive and subject to the exhaustion requirement, the administrative remedy must be "effective." An administrative remedy about which one is not notified as required by statute can hardly be said to be effective.

We conclude that the fact that the DMV "as a matter of policy allows individuals with restrictions on their licenses to request a hearing before the Medical Review Board" does not constitute an effective administrative remedy sufficient to preclude jurisdiction in superior court. Therefore, the superior court has subject matter jurisdiction over this action. Accordingly, we reverse the judgment granting the DMV's motion to dismiss and remand for further proceedings.

Reversed and remanded.

Judges MARTIN and CAMPBELL concur.