CRAIG v. FAULKNER

[151 N.C. App. 581 (2002)]

TERRY DEAN CRAIG, PETITIONER v. JANICE FAULKNER, COMMISSIONER OF THE
NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT

No. COA01-539-2

(Filed 16 July 2002)

**Motor Vehicles— commercial driver's license—restriction—
superior court jurisdiction**

The trial court erred by granting the Department of Motor
Vehicle's (DMV's) motion to dismiss petitioner's claim that DMV
placed a restriction on petitioner's commercial driver's license
without due process of law based on lack of subject matter juris-
diction and the case is remanded for further proceedings,
because: (1) the legislature has not provided by statute an effec-
tive administrative remedy, and the fact that DMV as a matter of
policy allows individuals with restrictions on their licenses to
request a hearing before the Medical Review Board does not
constitute an effective administrative remedy sufficient to pre-
clude jurisdiction in superior court; and (2) the superior court
would have subject matter jurisdiction over this action on a writ
of certiorari.

Appeal by petitioner from judgment entered 26 February 2001 by
Judge Timothy S. Kincaid in Caldwell County Superior Court. Heard
in the Court of Appeals 14 February 2002. Petition for rehearing
granted 25 June 2002.

*Attorney General Roy Cooper, by Associate Attorney General
Kimberly P. Hunt, for respondent-appellee.*

*Wilson, Palmer, Lackey & Rohr, P.A., by Timothy J. Rohr, for
petitioner-appellant.*

HUDSON, Judge.

Terry Dean Craig ("petitioner") appeals an order granting the
motion to dismiss filed on behalf of the Division of Motor Vehicles
(the "DMV"). In an opinion filed 7 May 2002, we reversed and
remanded. *See Craig v. Faulkner,* 149 N.C. App. 968, 562 S.E.2d
588 (2002). Respondent filed a petition for rehearing on 30 May
2002, which we allowed. We have modified the previous opinion
accordingly.

Petitioner asserts, and the DMV does not dispute, that he has held a commercial driver's license "since the inception of Commercial Driver's Licenses." By letter dated 26 May 2000, an official with the Medical Review Branch of the Driver License Section of the DMV informed petitioner as follows:

> We have received a favorable recommendation from our Medical Adviser regarding your health as it pertains to your driving status.

> You must visit any Driver License Office to make application for a driver's license or learner's permit. The following restriction(s) will be necessary: CLASSIFIED C ONLY. If you currently have a valid driver's license, failure to comply within 15 days from the date of this letter will result in the cancellation of your driving privilege, G.S. 20-29.1.

> You must be reexamined and/or submit a current medical report for evaluation on or after 05-26-2001. We will advise you concerning this requirement at a later date.

It appears that this letter was issued pursuant to N.C. Gen. Stat. § 20-7(e) (1999) and N.C. Gen. Stat. § 20-9(e) (1999). Section 20-7(e) provides that "[t]he [DMV] may impose any restriction it finds advisable on a drivers license." Section 20-9(e) provides that

> [t]he [DMV] shall not issue a driver's license to any person when in the opinion of the [DMV] such person is afflicted with or suffering from such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, nor shall a license be issued to any person who is unable to understand highway warnings or direction signs.

Counsel for the DMV explained to the superior court at the hearing on its motion to dismiss that petitioner had been committed to "Broughton or some—several other hospitals in the mid-1990s," and "[a]s a result of that commitment, he was put in the Medical Review Program and has since—since had assessments, the last assessment having occurred in the year 2000."

On 13 June 2000, petitioner filed the instant action in the Caldwell County Superior Court alleging, *inter alia*, that the DMV revoked his commercial driver's license without due process of law. On 10 July 2000, the DMV filed a motion to dismiss on the ground that the court does not have subject matter jurisdiction over the matter because

CRAIG v. FAULKNER

[151 N.C. App. 581 (2002)]

petitioner failed to exhaust his administrative remedies. The superior court granted the motion to dismiss. Petitioner appeals.

"As a general rule, where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). "An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies." *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999).

The DMV argued before the superior court that a hearing before a medical review board was petitioner's exclusive remedy. The DMV relied on N.C. Gen. Stat. § 20-9(g)(4) (1999), which provides that "[w]henever a license is denied by the Commissioner, such denial may be reviewed by a reviewing board upon written request of the applicant filed with the [DMV] within 10 days after receipt of such denial." That statute further provides that "[a]ctions of the reviewing board are subject to judicial review as provided under Chapter 150B of the General Statutes." N.C.G.S. § 20-9(g)(4)(f). Thus, the DMV argued, petitioner could not file a petition in the superior court without first pursuing his right to a hearing before the medical review board. Because petitioner failed to request such a hearing, the DMV contended that he failed to exhaust his administrative remedies, and, as a result, the court did not have subject matter jurisdiction over his petition.

On appeal, the DMV argues in the alternative that petitioner was not entitled to a hearing because his license was not actually revoked, but merely restricted. The DMV asserts that N.C.G.S. § 20-9(g)(4) provides for a hearing only in case a license is revoked. The DMV observes, however, that "as a matter of policy," the DMV allows one whose license is restricted to request a hearing. Thus, the DMV now argues that petitioner was afforded more process than is required by law.

We agree with the DMV that N.C.G.S. § 20-9(g)(4), by its express language, applies only to the case where a license has been denied. Thus, the legislature has not "provided by statute an effective administrative remedy," *Presnell*, 298 N.C. at 721, 260 S.E.2d at 615, to one who, like petitioner, retains his license with restrictions.

We conclude that the fact that the DMV "as a matter of policy allows individuals with restrictions on their licenses to request a

hearing before the Medical Review Board" does not constitute an effective administrative remedy sufficient to preclude jurisdiction in superior court. Therefore, pursuant to *Davis v. Hiatt*, 326 N.C. 462, 465, 390 S.E.2d 338, 340 (1990), the superior court would have subject matter jurisdiction over this action on a writ of certiorari. *See also Russ v. Board of Education*, 232 N.C. 128, 130, 59 S.E.2d 589, 591 (1950) ("[C]ertiorari is the appropriate process to review the proceedings of . . . bodies and officers exercising judicial or quasi-judicial functions in cases where no appeal is provided by law." (emphasis omitted)). Accordingly, we reverse the judgment granting the DMV's motion to dismiss and remand for further proceedings.

Reversed and remanded.

Judges MARTIN and CAMPBELL concur.